**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**ANDERSON DIVISION**

**Case No.: 8:26-cv-01024-BHH**

| | | |
|---|---|---|
| SHARON LEE HILTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ANSWER AND DEMAND** |
| vs. | ) | **FOR JURY TRIAL** |
| | ) | **OF DEFENDANT MARGARET** |
| MARGARET SCHMIDT, | ) | **SCHMIDT** |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**NOW COMES** Defendant Margaret Schmidt (hereinafter referred to as "Defendant"), answering the Complaint filed by Plaintiff Sharon Lee Hilton (hereinafter referred to as "Plaintiff"), does hereby allege and say as follows:

1.    The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 and, therefore, the same are denied.

2.    The allegations contained in Paragraph 2 are admitted.

3.    The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 and, therefore, the same are denied.

4.    It is admitted that the motor vehicle collision that occurred on November 5, 2025, and is the subject of Plaintiff's Complaint occurred in Salem, Oconee County, South Carolina (hereinafter the "Subject Accident"), which falls within the Anderson Division of this Court. Except as expressly admitted herein, the allegations contained in paragraph 4 are denied.

5.    The allegations contained in Paragraph 5 are admitted.

6.    Upon information and belief, the allegations contained in Paragraph 6 are admitted.

7.    The allegations contained in Paragraph 7 are denied.

8.     It is admitted that the Subject Accident occurred, which involved a vehicle that was being operated by Defendant that collided with a vehicle that was being operated by Plaintiff. Except as specifically admitted herein, the allegations contained in Paragraph 8 are denied.

9.     The allegations contained in Paragraph 9 of the Complaint are denied.

10.     The allegations contained in Paragraph 10 of the Complaint are denied.

11.     The allegations contained in Paragraph 11 of the Complaint are denied.

12.     The allegations contained in Paragraph 12 of the Complaint are denied.

13.     The responses of Defendant to Paragraphs 1 through 12 of the Complaint, as detailed above, are incorporated by reference as though fully set forth herein.

14.     It is admitted that Defendant had a duty to operate the vehicle as a person of ordinary reason and prudence under the circumstances then and there existing and to obey all traffic laws applicable to her under the circumstances then and there existing. Except as specifically admitted herein, the allegations contained in Paragraph 14, including subparagraphs (a) through (c), are denied.

15.     The allegations contained in Paragraph 15 are denied.

16.     The allegations contained in Paragraph 16 are denied.

17.     The allegations contained in Paragraph 17 are not factual in nature, but rather, the allegations contained in Paragraph 17 seek conclusions of law to which no response is required. To the extent a response is required from Defendant, then Defendant denies the allegations contained in Paragraph 17.

18.     The allegations contained in Paragraph 18, including subparagraphs (a) through (f), are denied.

19.     The allegations contained in Paragraph 19 are denied.

20.     The responses of Defendant to Paragraphs 1 through 19 of the Complaint, as detailed above, are incorporated by reference as though fully set forth herein.

21.     It is admitted that Defendant had a duty to operate the vehicle as a person of ordinary reason and prudence under the circumstances then and there existing and to obey all traffic laws applicable to her under the circumstances then and there existing. Except as specifically admitted herein, the allegations contained in Paragraph 21 are denied.

22.     The allegations contained in Paragraph 22, including subparagraphs (a) through (e), are denied.

23.     Paragraph 23 is omitted from Plaintiff's Complaint and, therefore, a response from Defendant is not required. To the extent a response is required from Defendant, then any allegations contained therein are denied.

24.     The allegations contained in Paragraph 24 are denied.

25.     The allegations contained in Paragraph 25 are denied.

26.     The allegations contained in Paragraph 26 are not factual in nature, but rather, the allegations contained in Paragraph 26 seek conclusions of law to which no response is required. To the extent a response is required from Defendant, then Defendant denies the allegations contained in Paragraph 26.

27.     The allegations contained in Paragraph 27, including subparagraphs (a) through (h), are denied.

28.     The allegations contained in Paragraph 28 are denied.

29.     Defendant denies the Plaintiff's right to the relief prayed for in the "WHEREFORE" paragraph of the Plaintiff's Complaint.

30.     Defendant consents to a trial by jury and joins in the request for same.

**ANY ALLEGATION NOT EXPRESSLY ADMITTED HEREIN IS HEREBY DENIED.**

### FIRST DEFENSE
### PROXIMATE CAUSE

As a further response to the allegations contained in Plaintiffs' Complaint, and without waiving any of the foregoing defenses, Defendant does hereby allege and say that, should it be adjudicated at the trial of this case that Defendant was negligent as alleged in the Plaintiff's Complaint, which is again specifically denied, then, in that event, Defendant alleges and says that any such negligence was not a proximate cause of the extensive injuries and damages complained of by the Plaintiff, if any, and this lack of proximate cause is hereby pled in bar of the Plaintiff's right to recover from Defendant.

### SECOND DEFENSE
### FAILURE TO MITIGATE

As a further response to the allegations contained in Plaintiffs' Complaint, and without waiving any of the foregoing defenses, Defendant does hereby allege and say that, should it be adjudicated at the trial of this case that negligence of Defendant was a proximate cause of injury to the Plaintiff, which is again specifically denied, then, in that event, Defendant alleges and says that the Plaintiff's actual damages should be reduced as a result of the Plaintiff's failure to act as persons of ordinary and reasonable prudence to avoid and/or minimize their damages, and such failure to mitigate is hereby pled in bar of the Plaintiff's right to recover from the Defendant.

### THIRD DEFENSE
### COMPARATIVE NEGLIGENCE

As a further response to the allegations contained in Plaintiff's Complaint, and without waiving any of the foregoing defenses, Defendant does hereby allege and say:

1. Should it be adjudicated at the trial of this case that Defendant was negligent and that, such negligence was a proximate cause of injury or damage to Plaintiff, which is again

specifically denied, then, in that event, Defendant alleges and says that the Plaintiff also failed to act as a person of ordinary and reasonable prudence under the conditions then and there existing, and such negligence, carelessness, recklessness, willfulness, wantonness, and heedlessness was also a proximate cause of the Subject Accident and injuries or damages alleged by Plaintiff.

2.     The aforesaid negligence, carelessness, recklessness, willfulness, wantonness and heedlessness of the Plaintiff was greater than the negligence of Defendant, if any, and such contributory negligence on the part of the Plaintiff is hereby pled as a complete bar to the Plaintiff's right to recover from Defendant.

3.     In the alternative, should it be determined that the aforesaid negligence, carelessness, recklessness, willfulness, wantonness and heedlessness of the Plaintiff was less than any negligence of the Defendant, then, in that event, such negligence on the part of the Plaintiff is hereby pled as a reduction to the recovery of damages by the Plaintiff under the principles of comparative negligence.

**FOURTH DEFENSE**
**PUNITIVE DAMAGES UNCONSTITUTIONAL**

As a further response to the allegations contained in Plaintiff's Complaint, and without waiving any of the foregoing defenses, Defendant asserts as a bar and affirmative defense to the Plaintiff's claim for punitive damages that punitive damages are unconstitutional and that an award of punitive damages to the Plaintiff would contravene the provisions of the Eighth Amendment to the Constitution of the United States which prohibits the imposition of "excessive fines" and would further contravene the due process provisions of the Fifth Amendment to the Constitution of the United States and the provisions of Article I, Section 3, of the Constitution of the State of South Carolina in that the determination of punitive damages does not bear any reasonable relationship to the amount of actual damages; and furthermore, punitive damages are an obsolete remnant of

the common law of the Eighteenth Century and an assessment of punitive damages in addition to compensatory damages against Defendant is contrary to justice and reason and should be prohibited by this Court.

**FIFTH DEFENSE**
**STATUTORY CAP ON PUNITIVE DAMAGES**

As a further response to the allegations contained in the Plaintiff's Complaint, and without waiving any of the forgoing defenses, Defendant does hereby allege and say that pursuant to the provisions of South Carolina Code of Laws §15-32-530, any award of punitive damages shall be limited to no more than either three times the award of compensatory damages or $500,000.

**RESERVATION OF RIGHTS TO**
**ASSERT ADDITIONAL DEFENSES**

As a further response to the allegations contained in the Plaintiff's Complaint, and without waiving any of the foregoing defenses, Defendant hereby reserves her right to amend her Answer to assert any other appropriate claims and/or defenses if such claims and/or defenses are supported by the facts and evidence that are determined after Defendant conducts further investigation and discovery and has had an opportunity to depose the Plaintiff and other witnesses, and Defendant hereby puts all parties on notice that if such defenses are supported by the facts, Defendant will seek to amend her Answer at such appropriate time.

**WHEREFORE**, Defendant prays the Court as follows:

1.    That the Plaintiff's cause of action be dismissed with prejudice;

2.    That a trial by jury be had on all issues of fact arising in this case;

3.    That the Plaintiff has and recovers nothing of the Defendant;

4.    That the costs of this action be taxed against the Plaintiff or some other proper party; and

5.     For such other and further relief as the Court may deem just and proper.

THIS the 29th day of June, 2026.

s/Jeffrey T. Ammons

_____

Jeffrey T. Ammons
S.C. Bar No.: 13092
Natasha M. Durkee
S.C. Federal Bar No.: 13742
*Attorneys for Defendant Margaret Schmidt*
WALKER ALLEN LLP
Post Office Box 1068
Mount Pleasant, SC  29465
854-529-0595 (phone)
843-637-3463 (fax)
jeff@walkerallenlaw.com
natasha@walkerallenlaw.com