UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | | |
|---|---|---|
| SHARON LEE HILTON,<br><br>Plaintiff,<br><br>vs.<br><br>MARGARET SCHMIDT,<br><br>Defendant | ) | Civil Action No. 8:26-cv-01024-SAC<br><br>**JOINT RULE 26(F) REPORT AND 26.03 RESPONSES** |

The parties, having consulted pursuant to Rule 26(f), Fed. R. Civ. P., hereby jointly submit their Discovery Plan pursuant to Rule 26(f)(3), Fed. R. Civ. P., and their Local Civil Rule 26.03 disclosures as follows:

☐ We agree that the schedule set forth in the Conference and Scheduling Order filed is appropriate for this case. **The parties' proposed discovery plan as required by Fed. R. Civ. P. Rule 26(f) and the information required by Local Civil Rule 26.03 will be separately filed by the parties.**

☒ We agree that the schedule set forth in the Conference and Scheduling Order filed July 14, 2026 requires modification as set forth in the proposed Consent Amended Scheduling Order which will be e-mailed to chambers as required (use format of the Court's standard scheduling order). **The parties' proposed discovery plan as required by Fed. R. Civ. P. Rule 26(f) and the information required by Local Civil Rule 26.03 are attached.**

☐ We are unable, after consultation, to agree on a schedule for this case. We, therefore, request a scheduling conference with the Court. **The parties' proposed discovery plan as required by 26(f) Fed. R. Civ. P., with disagreements noted, and the information required by Local Civil Rule 26.03 will be separately filed by the parties.**

**Discovery Plan**

**(A)** Farmers submitted Answers to Rule 26.01 Interrogatories along with their Notice of Appearance and Answer. The parties also agree to provide Rule 26(a)(1) Initial Disclosures within 30 days of the filing of this Report.

**(B)** The parties anticipate discovery on the following subjects: (1) facts and circumstances behind the motor vehicle collision that is the subject of this lawsuit; (2) Plaintiff's damages allegedly resulting from the subject motor vehicle collision. The parties do not believe phased discovery is warranted.

**(C)** The parties are not aware of any unusual issues concerning disclosure or discovery of electronically stored information.

**(D)** The parties are not aware of any issues about claims of privilege or of protection as trial-preparation materials.

**(E)** The parties are not proposing any changes to the scope of discovery imposed by the applicable rules.

**(F)** The parties are not proposing that the court issue any other orders under Rules 16(b), 16(c) or 26(c).

**26.03 Disclosures**

**(1)** Statement of facts of case:

This lawsuit arises from a vehicle collision that occurred on November 5, 2025, on South Carolina Highway 130 in Anderson, South Carolina. According to the Complaint, the parties' vehicles were approaching each other from opposite lanes of Highway 130 when Defendant's vehicle crossed left of the center line, resulting in a head-on collision.

**(2)** Names of facts witnesses and summary of testimony:

a) Sharon Hilton – Ms. Hilton is the Plaintiff and is expected to testify as to the facts and circumstances of the collision and any damages resulting therefrom.

b) Margaret Schmidt – Ms. Schmidt is the Defendant and is expected to testify as to the facts and circumstances of the collision.

c) The parties reserve the right to supplement their identification of fact witnesses as discovery progresses.

**(3)** Names and subject matter of expert witnesses:

**Farmers Casualty Insurance Company:**

None at this time. Farmers reserves the right to supplement their identification of expert witnesses as discovery progresses.

**Plaintiff Sharon Lee Hilton:**

Plaintiff expects to call some or all of Plaintiff's treating doctors to testify to their diagnosis treatment, and expectations of the need for future medical treatment.

**(4)** Summary of claims or defenses:

**Plaintiff Sharon Lee Hilton:** Plaintiff asserts claims for negligence per se and for negligence, gross negligence, and recklessness arising out of the November 5, 2025 head-on collision. In support:

(a) Negligence Per Se: Defendant's violation of South Carolina traffic statutes, including driving left of center and failing to maintain her lane and driving while impaired. *See* S.C. Code Ann. § 56-5-2930,§ 56-5-1900.
(b) Negligence, Gross Negligence, and Recklessness: Defendant's breach of her duty to operate her vehicle with due care.
(c) Punitive Damages: Defendant's reckless, willful, and wanton conduct, see, with the statutory cap inapplicable given Defendant's alleged impairment. *See* S.C. Code Ann. § 15-32-520, § 15-32-530(C)(3).

**Defendant Margaret Schmidt:** Defendant denies negligence and causation. The citations below are illustrative only, and Defendant reserves the right to rely on additional authority as discovery progresses. In support of the defenses in her Answer:

(a) Lack of Proximate Cause.
(b) Failure to Mitigate Damages.
(c) Comparative Negligence.
(d) Punitive Damages Unconstitutional: under the Eighth Amendment and the due process provisions of the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 3 of the South Carolina Constitution.
(e) Statutory Cap on Punitive Damages: S.C. Code Ann. § 15-32-510, et seq., and § 15-32-530.
(f) Reservation of Additional Defenses.

**Farmers Casualty Insurance Company (Underinsured Motorist Carrier):** Farmers Casualty appears as a purported UIM carrier under a full reservation of rights, making no admission as to coverage. In support of its position:

(a) Right to Appear and Defend as UIM Carrier, without waiver of any coverage defense. *See* S.C. Code Ann. § 38-77-160.
(b) Denial and Affirmative Defenses Under the Federal Rules of Civil Procedure.

(c) Insufficient Service of Process and Lack of Personal Jurisdiction under Fed. R. Civ. P. 12(b)(5) and 12(b)(2).
(d) Reservation of the right to file a full amended Answer upon assuming the defense.

**(5)** Proposed deadlines for expert disclosures and completion of discovery:

The parties agree to the deadlines set forth in the proposed Amended Scheduling Order developed by the parties at the 26(f) conference and provided to the Court.

**(6)** Special circumstances regarding time frames of scheduling order:

Not applicable.

**(7)** Additional information:

Not applicable.

*(signatures on following page)*

WE CONSENT:

MORGAN & MORGAN, P.A.

*s/*Cooper Klaasmeyer____________________
James G. Biggart, II
Fed. ID No. 14195
Cooper Klaasmeyer
Fed. ID No. 14272
4401 Belle Oaks Drive, Suite 300
North Charleston, South Carolina 29405
Phone: 843-973-5438
Email: biggartlitigation@forthepeople.com

ATTORNEYS FOR SHARON LEE HILTON

Date: 11/4/2026

WE CONSENT:

MCANGUS GOUDELOCK & COURIE, LLC

*s/*__Grace Lesesne__________________________________
Amanda L.C. Bradley
Fed. ID No. 74950
Grace Lesesne
Federal ID No. 14447
201 West McBee Avenue, 2nd Floor
Greenville, South Carolina 29601
Phone: (864) 239-6708
Fax: (864) 242-3199
Email: amanda.bradley@mgclaw.com
ATTORNEYS FOR FARMERS CASUALTY INSURANCE COMPANY
Date: 11/4/2026